IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JIBRIL L. IBRAHIM,** | * | |
| Plaintiff, | * | Case No.: GJH-22-0462 |
| v. | * | |
| **VIZIO CORPORATION,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jibril L. Ibrahim brings this civil action against Defendant VIZIO, Inc. ("Vizio") and various other named Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act pursuant to 18 U.S.C. § 1961 *et seq.*[1] ECF No. 1. Pending before the Court is Defendant Vizio's Motion to Dismiss the Complaint and Request for Hearing. ECF No. 3. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion is granted, and this case is dismissed in its entirety.

Plaintiff appears to allege a conspiracy through which participants, including those named in this Complaint, used intercepted telephone communications, interstate wiretaps, GPS tracking devices, and "laser guided devices" to monitor, harass, and intimidate Plaintiff. ECF No. 1-1 at 3.[2] Among other allegations, Plaintiff asserts that Defendants sought to burglarize his

---

[1] Defendant Vizio is erroneously identified as Vizio Corporation in the Complaint. ECF No. 3-1 at 1.

Additional defendants appear to include the following: the District of Columbia ("the District"); members of the District's Police Department, including Police Chief Robert Contee; the District's Office of Police Complaints; the Department of Homeland Security; and Self-Storage Plus. ECF No. 1-1 ¶¶ 2–10.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

residence, stalk him, and break into his storage bin. *Id.* at 4–10. He alleges that his activities and "facial profile" were covertly recorded by Defendant Vizio through his Vizio television. *Id.* at 5.

On February 24, 2022, Plaintiff filed his Complaint. ECF No. 1. Plaintiff has also filed a Motion for Leave to Proceed *in forma pauperis*, which is hereby granted. ECF No. 2.  Defendant Vizio filed its Motion to Dismiss on June 10, 2022. ECF No. 3.

When *in forma pauperis* status is granted, a court "shall dismiss" a case "at any time" if the court finds that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2005); *Sirnik v. U.S. Justice Dep't*, No. PWG-16-956, 2016 WL 2930908, at *1 (D. Md. May 18, 2016). Section 1915(e)(2)(B)(i) permits district courts to independently assess the merits of *in forma pauperis* complaints and "to exclude suits that have no arguable basis in law or fact."[3] *See Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995). A claim may be considered frivolous "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted). Thus, such a finding "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"; however, an *in forma pauperis* complaint cannot be dismissed "simply because the court finds the plaintiff's allegations unlikely." *Id.*

Further, under section 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. *See Wangerow v. Agent Cohen*, 6837, No.

---

[3] "The authority to 'pierce the veil of the complaint's factual allegations' means that the district court is not bound to 'accept without question the truth of the plaintiff's allegations' as it might be when considering a motion under Rule 12(b)(6)." *Nasim*, 64 F.3d at 954 (quoting *Denton*, 504 U.S. at 32).

CV GLR-19-2879, 2019 WL 6253253, at *2 (D. Md. Nov. 22, 2019) (applying the "familiar standard" for a motion to dismiss as under Rule 12(b)(6) of the Federal Rules of Civil Procedure). Thus, although a *pro se* plaintiff's pleadings are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Here, the Court has liberally construed Plaintiff's *pro se* Complaint and, even so, finds the claims presented to be plainly frivolous. At a minimum, the claims also appear to be wholly conclusory and thus the Complaint fails to state a claim upon which relief can be granted.

For the foregoing reasons, Defendant Vizio's Motion to Dismiss is granted, and the case is dismissed in its entirety. A separate Order follows.

Date: <u>February  6, 2023 </u>                         ___/s/_____
                                                        GEORGE J. HAZEL
                                                        United States District Judge